UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KASEY B.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-cv-01762-MJD-TWP |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR ATTORNEY'S FEES**

This matter is before the Court[2] on Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b).  [Dkt. 25.]  For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

On June 20, 2020, Plaintiff signed a Social Security Disability contingency fee agreement, agreeing that her counsel "shall charge and receive as the fee an amount equal to

---

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] On November 2, 2020, the parties filed a joint consent to the jurisdiction of the assigned magistrate judge.  [Dkt. 12.]  On November 4, 2020, Judge Pratt referred the matter to Magistrate Judge Pryor, who was the assigned magistrate judge at that time.  [Dkt. 13.]  On December 15, 2022, this matter was reassigned from Magistrate Judge Pryor to the undersigned.  [Dkt. 30.]  Pursuant to the parties' consent and the order referring the case to the assigned magistrate judge, the parties' consent to the undersigned became effective thirty days after the date of reassignment if no objection was filed.  [Dkts. 12 & 13.]  More than thirty days have passed since the reassignment, and no objection has been filed.

twenty-five percent (25%) of the past due benefits that are awarded to" Plaintiff and her family in the event her case was successful. [Dkt. 26-1 at 1.] On June 30, 2020, Plaintiff filed her Complaint seeking to reverse the decision of the Commissioner of Social Security denying her application for Social Security benefits. [Dkt. 1.] On February 2, 2021, the Court entered judgment reversing and remanding the case to the Social Security Administration for further proceedings. [Dkt. 21.] Plaintiff received an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $3,374.75 ($2,974.75 in fees and $400.00 in costs), which was paid to Plaintiff's counsel. [Dkt. 24; Dkt. 26 at 2.]

On remand, the Commissioner issued a favorable decision. [Dkt. 26-2.] Plaintiff was awarded past-due benefits in the amount of $73,155.00, $18,288.75 (25%) of which was withheld by the Commissioner for a potential fee award. [Dkt. 26-3 at 3-4.]

On October 17, 2022, Plaintiff's counsel filed the instant motion, seeking an award of attorney's fees pursuant to Section 406(b) of the Social Security Act. [Dkt. 25.] Counsel asks the Court to order the Commission to remit to counsel $18,288.75. The Commissioner filed her response on October 27, 2022, and Plaintiff's Counsel filed his reply on November 3, 2022. [Dkts. 27 & 28.]

## II. Legal Standard

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal. 42 U.S.C. § 406(b)(1)(A). Plaintiff's counsel has the burden of showing that the requested fee award is reasonable. *Caldwell v. Berryhill*, 2017 WL 2181142, at

2

*1 (S.D. Ind. May 18, 2017). In *Gisbrecht*, the Supreme Court held that the Court's review for reasonableness does not override the claimant and counsel's fee arrangement, but rather acts as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). The Supreme Court noted that contingent-fee arrangements might be unreasonable if, for example: (1) the character of and results achieved from attorney representation do not justify the amount; (2) the attorney is responsible for delay such that he or she would profit from the accumulation of benefits; or (3) the benefits are large in comparison to the amount of time counsel spent on the case. *Kirby v. Berryhill*, 2017 WL 5891059, at *1 (N.D. Ill. Nov. 29, 2017). An award of attorney fees under § 406(b) is offset or reduced by the fees already paid to the attorney under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *see* 28 U.S.C. § 2412.

### III. Discussion

After this matter was remanded to the SSA, Administrative Law Judge Therese Tobin conducted another hearing on September 10, 2021, and issued a fully favorable decision on December 22, 2021. [Dkt. 26-2.] On September 5, 2022, Plaintiff's Notice of Award letter was mailed; it indicated that Plaintiff would receive $73,155.00 in past due benefits. [Dkt. 26-3 at 3.] In the present motion, Plaintiff's counsel, Matthew Richter, seeks a fee award pursuant to § 406(b) in the amount of $18,288.75, which constitutes 25% of Plaintiff's past-due benefits. [Dkt. 26 at 7.] Mr. Richter asserts that upon receipt of the $18,288.75 fee, he will refund the $2,974.75 EAJA fee to Plaintiff and will not seek any additional fees available through § 406(a). *Id.* The Commissioner objects to Plaintiff's Counsel's motion, arguing that the requested fee would constitute a windfall to Plaintiff's Counsel. [Dkt. 27.]

3

a.   **Contingent Fee Agreement**

The Court begins its analysis where *Gisbrecht* advises, with the contingent fee agreement.

Despite the Commissioner's focus on Mr. Richter's effective hourly rate as the only consideration in determining reasonableness, case law demonstrates otherwise. *Gisbrecht* rejected the lodestar (hourly rate) method as the measure of whether a fee under § 406(b) is reasonable, 535 U.S. at 808, "as it would run the risk of creating arbitrary ceilings on the awards." *Reindl v. Astrue*, 2012 WL 4754737, at *3 (N.D. Ill. Oct. 4, 2012). Where there is a contingent fee contract between the claimant and the attorney, the proper starting point in considering the reasonableness of a fee is the contract; "simply determining a reasonable hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract." *McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989); *Koester*, 482 F. Supp. 2d at 1082 (finding that "the Commissioner's focus on a projected hourly rate is misplaced"). Therefore, this Court is reluctant to place undue weight on a fee's lodestar calculation in the context of a SSA contingency fee.

Instead, *Gisbrecht* and its progeny advise that courts should start the analysis with the contingency fee agreement. In this case, on June 20, 2020, Plaintiff signed a fee agreement attesting that if her case was "won," her "attorney has the right under th[e] contract to ask the court to award as much as 25% of [her] past-due benefits for representing [her] in court." [Dkt. 26-1 at 1-2.] Twenty-five percent of Plaintiff's past-due benefits totals $18,288.75. Mr. Richter has already received $2,974.75 in attorney fees as part of the EAJA award. As such, Mr. Richter's request that he be awarded $18,288.75 in attorney fees and be required to refund to

Plaintiff the $2,974.75 EAJA fee award, equals the amount authorized by the Plaintiff's duly signed contingent fee agreement and the amount authorized by § 406(b).

**b.     Reasonableness**

Next, the Court must evaluate the reasonableness of a $18,288.75 award. In *Gisbrecht*, the Supreme Court explicitly approved the Seventh Circuit's method of evaluating reasonableness, namely that courts should defer to the parties' reasonable intentions in analyzing attorney fees. 535 U.S. at 808; *see also McGuire*, 873 F.2d at 980. Numerous courts, following *Gisbrecht's* lead, have also noted the importance of contingency agreements: *Reindl*, 2012 WL 4754737, at *2 (contingent fee agreements allow claimants who cannot afford hourly rates to obtain counsel and benefit the system by encouraging lawyers to be discerning in evaluating cases); *Koester*, 482 F. Supp. 2d at 1082 (same); *McCarthy v. Astrue*, 2008 WL 4539959, at *2 (N.D. Ind. Oct. 8, 2008) (same); *Kirby*, 2017 WL 5891059, at *2 (same).

With that framework in mind, the Supreme Court provided three examples of situations where an attorney's requested fee might be unreasonable: (1) the character of and results achieved from attorney representation do not justify the amount; (2) the attorney is responsible for delay such that he or she would profit from the accumulation of benefits; or (3) the benefits are large in comparison to the amount of time counsel spent on the case. *Gisbrecht*, 535 U.S. at 808.  The Court will evaluate each situation in turn.

*i.     Character of Attorney and Results Achieved*

While neither side addresses the character of Mr. Richter's representation, Mr. Richter argues that the results he achieved for the Plaintiff is one of the reasons justifying his requested attorney award.  [Dkt. 26 at 5.]  The Commissioner does not dispute this point.  The Undersigned finds Mr. Richter has obtained excellent results for the Plaintiff in this case.  The Plaintiff

received past due benefits of $73,155.00, Medicare entitlement, as well as $1,107.00 in continuing monthly benefits until her death, attainment of retirement age, or she is no longer disabled. [Dkt. 26 at 5; Dkt. 26-3 at 2-3.] Furthermore, the Court finds that Mr. Richter has provided quality representation, as evidenced by the fact that Plaintiff's Opening Brief was sufficient to convince the Commissioner to agree to remand the case, which ultimately led to the Administration's fully favorable decision. Moreover, courts within this Circuit have on prior occasions recognized the efficient and well-reasoned nature by which Mr. Richter represents his clients. *See, e.g.*, *Hopkins v. Saul*, 2020 WL 2466182, at *2 (N.D. May 13, 2020) (emphasizing counsel's "well-reasoned" briefs, which ultimately resulted in an award of past due benefits); *Richards v. Saul*, 2021 WL 9472550, at *2 (N.D. Ind. June 9, 2021) (recognizing counsel's experience and performance before the Court led to remand and ultimately a positive result for the plaintiff); *Bradley L v. Kijakazi*, 2021 WL 3931167, at *4 (S.D. Ind. Sept. 2, 2021) (agreeing that counsel provided excellent representation). Thus, this factor weighs in favor of approving Mr. Richter's requested fee award.

ii.    *Attorney Delay*

Apart from one requested 28-day extension to file Plaintiff's opening brief, Mr. Richter did not contribute to any delay in these proceedings. Instead, Plaintiff's brief was convincing enough that the Commissioner agreed to remand the case without providing additional briefing to the Court, saving both parties time and money and conserving this Court's presently overtaxed resources. As such, the Court finds that this factor weighs in favor of approving Mr. Richter's requested fee award.

### iii.     Benefits Large in Comparison to Time Spent

Focusing on the third factor, the Commissioner argues that awarding Mr. Richter the requested fee would result in a windfall. [Dkt. 27.] Specifically, the Commissioner asserts that if only considering the 6.35 hours of work performed by an attorney, Mr. Richter's implied hourly rate would be $2,880.12, while if the attorney time and 18.0 hours of non-attorney time are "lumped together," the implied hourly rate would be $751.00. [Dkt. 27 at 3.] The Commissioner contends that neither of these approaches is appropriate; rather, the "reasonable approach is to compensate non-attorneys at half the rate of attorneys (i.e., to count half of the non-attorney's hours toward the implied hourly rate calculation)." *Id.* at 3-4. The Commissioner then generally asserts that "a fee in excess of the $400-$600 range would not be unreasonable," given Mr. Richter's "significant efficiency"; however, Mr. Richter should be given an award of "somewhat less than $1,200 per attorney-hour equivalent in this case." *Id.* at 5-7 (arguing that "special factors" warranting an increased fee in *Bradley L. v. Kijakazi*, 2021 WL 3931167 (S.D. Ind. Sept. 2, 2021), are present to a lesser extent here).

In reply, Plaintiff's Counsel asserts that the requested fee does not amount to a windfall. [Dkt. 28 at 1.] Plaintiff's Counsel contends that even if the Court were to apply the Commissioner's proffered framework of treating two hours of non-attorney time as the equivalent of one hour of attorney time, the fee awarded would effectively be the same, if not greater than, that requested by Plaintiff's Counsel. *Id.* at 1-2. Plaintiff's Counsel also maintains that the Commissioner's focus on the amount of backpay awarded between this case and *Bradley L.* is an improper consideration for awarding a lesser hourly rate of fees, nor was it a factor expounded upon by the *Bradley L.* court or other courts in this district. *Id.* at 2-3.

The Court agrees. While the amount of past due benefits is important to determining the maximum award an attorney may be entitled to, it is not one of the considerations for whether the amount awarded is reasonable. Further, although it is true that courts within this district and the Seventh Circuit have generally accepted hourly rates of $400 to $600 as reasonable, *Bradley L.*, 2021 WL 3931167, at *4, courts have also been "reluctant to rely heavily on a method for determining whether a contingency fee is reasonable that penalizes efficiency." *Id.*; *see also Kirby*, 2017 WL 5891059, at *1 (*citing Kazanjian v. Astrue*, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011)); *Reindl*, 2012 WL 4754737, at *4.

Here, Plaintiff's Counsel expended 6.35 attorney hours and 18.0 non-attorney hours on Plaintiff's case. If Mr. Richter had been less efficient, his imputed hourly rate would of course be lower. The Court, however, declines to penalize Mr. Richter for this efficiency, which the Commissioner herself characterizes as "significant." [Dkt. 27 at 6.] Furthermore, courts within this Circuit have approved hourly rates exceeding $1,000.00 given the contingency nature of SSA cases and counsel's efficient handling of the case. *See, e.g.*, *Parker*, 2020 WL 6048146, at *1 (approving an hourly rate of $1,409.47 given contingent nature of case); *Wattles v. Comm'r of Soc. Sec.*, 2012 WL 169967, at *1 (C.D. Ill. Jan. 18, 2012) (approving an hourly rate between $2,500 and $3,125); *Koester*, 482 F. Supp. 2d at 1083 (collecting cases showing hourly rates of $400 through $1,500); *McPeters v. Saul*, 2020 WL 2507935, at *2 (N.D. Ind. May 15, 2020) (approving $1,522.14 hourly rate given contingent nature of case); *Baughman v. Saul*, 2021 WL 2809085, at *2 (N.D. Ind. July 6, 2021) (approving $1,269.27 hourly rate due to contingent nature of case); *Ringle v. Kijakazi*, 2021 WL 3550892, at *1 (N.D. Ind. Aug. 11, 2021) (approving $1,923.00 hourly rate); *Bradley L.*, 2021 WL 3931167, at *5 (approving hourly rate

of $1,200.00 for attorneys and $600.00 for non-attorney staff given counsel's efficient handling of matter).

Thus, even accepting the Commissioner's request that the Court count every two non-attorney hours as equivalent to one attorney hour, this would amount to 15.35 attorney hours, or an implied hourly rate of $1,191.45. Such a rate falls within the range of hourly fees courts within the Seventh Circuit have approved as reasonable given the contingency nature of SSA cases and counsel's efficiency. Further, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Hughes v. Comm'r of Soc. Sec.*, 2019 WL 2408035, at *3 (N.D. Ind. May 30, 2019). Mr. Richter has made a convincing case that the Plaintiff's favorable outcome was due to his effective and efficient representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney." *Gisbrecht*, 535 U.S. at 808.

Finally, Plaintiff also received an award of $2,974.75 in EAJA fees. [Dkt. 24.] Generally, such an award offsets Plaintiff's section 406(b) award. *Gisbrecht*, 535 U.S. at 796. While Plaintiff's Counsel asserts that the EAJA fee will be refunded to Plaintiff upon receipt of the section 406(b) award, [Dkt. 26 at 7], the Court believes it to be more efficient to offset the section 406(b) fee award by the amount of the EAJA award. Thus, the Court offsets the $18,288.75 section 406(b) award by the $2,974.75 EAJA award. This reduces Plaintiff's Counsel's section 406(b) fee award to $15,314.00.

### IV. Conclusion

For the reasons stated above, Plaintiff's Attorney's Motion for an Award of Attorney's Fees Under 42 U.S.C. 406(b), Dkt. [25], is **GRANTED**. The Defendant, Kilolo Kijakazi, in her

9

capacity as Commissioner of the Social Security Administration is hereby directed to pay Plaintiff's attorney fees in the amount of $15,314.00. Plaintiff's Counsel shall also retain the EAJA fee that was previously paid.

    SO ORDERED.

Dated: 6 FEB 2023

                              Mark J. Dinsmore
                              United States Magistrate Judge
                              Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.